# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CR406-038 |
| | ) | |
| DEON MONROE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Defendant, who is charged with the unlawful possession of a firearm and ammunition, has moved to obtain the juvenile records of government witness, Kelly Bigham. (Doc. 110 at 4, Doc. 111 at 26.) At the March 26, 2008 evidentiary hearing, the Court ordered the government to further brief the issue of whether the Supreme Court's decision in Davis v. Alaska, 415 U.S. 308 (1974) required the disclosure of Bigham's juvenile records to defendant. The government has submitted its brief. (Doc. 131.) For the following reasons, defendant's motion is **DENIED**.

## I. LEGAL FRAMEWORK

In <u>Davis v. Alaska</u>, 415 U.S. 308, 309 (1974), the Supreme Court granted certiorari in order to decide "whether the Confrontation Clause requires that a defendant in a criminal case be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias deriving from the witness' probationary status as a juvenile delinquent when such an impeachment would conflict with a State's asserted interest in preserving the confidentiality of juvenile adjudications of delinquency." <u>Id.</u> The Court held that, under the facts presented in that case, that "[t]he State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." <u>Id.</u> at 320. The Court emphasized that the witness was then currently on probation for burglary, that he was a crucial identification witness for the prosecution, the accuracy of his testimony was a key element in the State's case, defense "counsel was unable to make a record from which to argue why [the witness] might have been biased or

otherwise lacked the degree of impartiality expected of a witness at trial," and "[s]erious damage to the strength of the State's case would have been a real possibility had petitioner been allowed to pursue this line of inquiry." Id. at 311-320. In his concurrence, Justice Stewart emphasized that "the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions." Id. at 321.

Federal Rule of Evidence 609(d) states that "[e]vidence of juvenile adjudications is generally not admissible."[1] However, the court may "in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and

---

[1] The government argued during the evidentiary hearing that witnesses' juvenile adjudications cannot be considered "convictions" pursuant to Fed. R. Evid. 609. Although several courts have noted that juvenile adjudications are not considered criminal convictions, they have also noted that "[d]espite the distinction between a conviction and a youthful offender adjudication, it would be unfair to the government to permit a defendant who had been adjudicated a youthful offender to create the erroneous impression that he was lily-white by implying to the jury, which cannot be expected to draw such fine distinctions, that he had never committed any offense at all." United States v. Canniff, 521 F.2d 565, 570-571 (2d. Cir. 1975); United States v. LeBlanc, 612 F.2d 1012, 1013 (6th Cir. 1980).

the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." Fed. R. Civ. P. 609(d).

Nevertheless, where there is ample evidence—apart from any juvenile adjudications—"with which to impeach the witness' credibility in general and bias in particular," the Court may exclude evidence of the witness' juvenile adjudications. United States v. Ciro, 753 F.2d 248, 249 (2d Cir. 1985); United States v. Call, 73 F. App'x 268, 271 (9th Cir. 2003) (evidence of witness' juvenile conviction was inadmissible where the jury heard testimony about witness' numerous adult convictions, his testimony about selling drugs, and his reduced sentence on another conviction due to his cooperation in the present case); United States v. McGuire, 200 F.3d 668, 678 (10th Cir. 1999) (finding that cross-examination was sufficient to attack witness' credibility without reference to witness' juvenile adjudications); United States v. Williams, 963 F.3d 1337, 1341 (10th Cir. 1992) (finding that since substantial evidence was introduced to attack the witnesses' credibility, the defendants' ability to cross-examine the witnesses was not

substantially impaired by the exclusion of evidence of prior crimes); United States v. Ashley, 569 F.2d 975, 979 (5th Cir. 1978) (holding there is no constitutional violation if the witness could otherwise be impeached through the use of other cross-examination).[2]

## II. ANALYSIS

In this case, defendant has already received ample evidence with which to impeach Bigham for bias without resort to her juvenile record: she was charged as defendant's co-defendant and made a plea bargain with state authorities to testify against him with respect to a shooting during an attempted armed robbery. (Doc. 131 at 4.) In addition, the government has agreed to provide an up-to-date adult "rap sheet" as to Ms. Bigham. (Doc. 121 at 3.) Because defendant has sufficient evidence with which to impeach Bigham's credibility, he has little need for Bigham's juvenile record. His motion is therefore **DENIED**.

**SO ORDERED** this /4ᵗʰ day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).