UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                                   406CR038

DEON MONROE JONES

a/k/a: JOHNNY LEE JONES

ORDER

I. **INTRODUCTION**

In this 18 U.S.C. § 922(g), gun/ammo possession prosecution, defendant Deon Monroe Jones previously moved the Court to dismiss as vindictive the superseding indictment that the Government filed against him. Doc. # 103.[1] He argued that, with no new evidence, the Government had added charges above and beyond what it tried him for in 2006, after which he on appeal won reversal and a new trial. Jones also moved the Court to dismiss as multiplicitous superseding indictment counts. Doc. # 102. Finally, he sought dismissal because of an alleged Speedy Trial Act (STA)[2] violation. Doc. # 103 at 8-14. The Court denied those motions, doc. # 115, but Jones has since filed more, three of which will be addressed here. Doc. ## 108, 109, 125. First, however, the Court will revisit his STA claim in light of recent precedent.

II. **ANALYSIS**

A. **Speedy Trial Act Defense**

Jones previously claimed that his STA rights were violated because, following the *Jones* remand, the Government filed a superseding indictment, complete with new charges. That, Jones argued, did not stop the STA's 70-day clock. Doc. # 103 at 7-8. This court ruled that

- the *Jones* reversal was tantamount to a successful defense motion to dismiss an indictment (in such cases, a replacement indictment ordinarily resets the 70-day clock);

- thus, the 70-day clock was reset and began to tick when this Court received the *Jones* mandate;

- as of 1/23/08 (the date of the Court's Order addressing his STA claim), the clock had not run out;

---

[1] In 2006, Jones was indicted for "Possession [on 6/18/04] of Ammunition by Convicted Felon" (Count One) and "Possession [also on 6/18/04] of Ammunition by Controlled Substance User or Addict" (Count Two). Doc. # 1 at 1. Following his jury trial conviction, he won a new trial on appeal. *U.S. v. Jones*, 504 F.3d 1218 (11th Cir. 2007). The Government thereafter obtained a superseding indictment, this time charging Jones with additional crimes based on new evidence sent to it just after this Court received the *Jones* mandate. Doc. # 113 at 2.

[2] As the Eleventh Circuit has explained:

> The Speedy Trial Act requires that criminal defendants be tried within seventy days of the later of indictment or arraignment. 18 U.S.C. § 3161(c)(1). Certain periods of time are excluded from the calculation, however, such as any period of delay "resulting from other proceedings concerning the defendant," *id.* § 3161(h)(1), or resulting from a continuance granted by the judge to serve the "ends of justice," *id.* § 3161(h)(8)(A). The consequences for failure to try a defendant within seventy non-excludable days are severe, and include dismissal with prejudice of the charges against the defendant. *Id.* § 3162(a)(2).

*U.S v. Young*, ___ F.3d ___, 2008 WL 2168957 at * 1 (11th Cir. 5/27/08); *Roux v. U.S.*, 2008 WL 2445794 at * 4 (M.D.Fla. 6/16/08) (unpublished).

- normal clock-tolling rules (*e.g.*, the filing and pendency of defense motions) applied.

Doc. # 115 at 4-6.

Since that ruling, Jones has raised no new arguments but new appellate cases have issued, and they speak to whether a superseding indictment affects that 70-day period. *See U.S v. Young*, ___ F.3d ___, 2008 WL 2168957 at * 2 (11th Cir. 5/27/08) (Government's filing of superseding indictment that added unrelated counts to crime originally charged did not reset the Speedy Trial Act clock as to originally charged offense); *U.S. v. Bryant*, 523 F.3d 349, 358 (D.C.Cir. 2008) (the filing of a superseding indictment does not affect the STA timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges).

This case is distinguishable from those cases because, unlike in this case, no conviction-reversing appeal transpired in them. 18 U.S.C.A. § 3161(e) thus applies. It says that

> [i]f the defendant is to be tried again *following an appeal* or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial [in Jones's case, the "action" is this Court's receipt of the *Jones* mandate] becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical....

18 U.S.C.A. § 3161(e) (emphasis added), *cited in U.S. v. Pitner,* 307 F.3d 1178, 1184 (9th Cir. 2002); 9A FED. PROC., L.ED. § 22:1302 (Apr. 2008). In this case post-mandate, STA-clock-stopping defense motions have been filed (some are being reached *infra*) so at this juncture the 70 days have not yet elapsed (trial is currently set for 7/9/08).

### B. Motion In Limine

In motion # 108, Jones seeks to

> estop the government from questioning Anblake Smith about the contents of the shirt that he wore in the car ride to the first trial of the defendant or otherwise introducing evidence about the shirt. The content of a shirt worn by the defendant's witness is irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Fed. R. Evid. 404(a). No exceptions to Fed. R. Evid. 404(a) are applicable to this case.

Doc. # 108 at 1.

The Court denies this motion. Consider a race-based, employment discrimination case brought by a fired black employee. The employer calls a witness to prove that it harbored no racial animus in firing the plaintiff, but the witness shows up outside the courtroom with a "KKK" pin on his lapel, then removed it just before entering the courtroom.

Would not plaintiff's counsel be free to impeach his credibility with that information, even on a retrial a year later? Of course. The power of such statement (most consciously decide what to wear when they arise each morning, and arguably even more thought goes

into what one wears to court) cannot be denied.

Here a pro-defense witness appeared outside the courtroom wearing a shirt urging others *not* to alert police about law-breaking by others. It is unquestionably relevant for the jury to hear about that, as it is they who must decide whether Anblake Smith, while swearing to tell the truth before this Court, is interested in upholding or negating the very legal system on which public safety (from, *inter alia*, gun-toting criminals) so critically depends.

### C. *Brady* Motion

Citing F.R.Cr.P. 16, S.D.GA.LOC.CR.R. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), Jones has

> specifically requested all records concerning the investigation into the shooting of Army Capt. Scott T. Corwin and Charles David Buskirk. While the government provided all records regarding the shooting of David Buskirk, it failed to produce any records concerning the shooting of Scott Corwin.

Doc. # 125 at 1. At a hearing before a Magistrate Judge (MJ), Jones's counsel reminded the MJ that, after the *Jones* remand, the Government added new charges via superseding indictment. Doc. # 128 at 3; *see also supra* n.1. Government discovery, counsel contends, has led her to believe that the Government has acquired new evidence, and that with it the Government will

> show [Jones's] possession of a firearm [from] a shooting involving a victim named David Buskirk. And the investigation papers that the government has indeed provided about Mr. Buskirk show that a couple of days prior to the shooting of Mr. Buskirk, there was a fellow shot named Scott Corwin. There is actually an affidavit by one of the investigators in this material provided by the government that he believed that those two shootings were related.

*Id.* at 4. Jones now wants that information. Doc. # 125. The Government refuses to produce it. At the hearing it stated that

> [t]here is a Corwin murder investigation that is still opened. At this point, Deon Jones is not a suspect. The government does not allege that Deon Jones committed that murder. And we would not want the Savannah-Chatham [Georgia] Metro Police to have to give up an open investigation that has nothing to do with this defendant.

Doc. # 128 at 6. The MJ ruled that the Government is not required to produce to Jones any record relating to the Corwin shooting. *Id.* at 7. Jones nevertheless insists that he is entitled to know why he was eliminated as a suspect on that score. Doc. # 125 at 3. More specifically, he argues, he

> is entitled to this information because if the shootings were directly related and there is evidence that Defendant Jones could not have committed the Corwin shooting or alternatively that the government is aware who did commit the Corwin shooting, this could lead to evidence that Defendant Jones was also not involved in the Buskirk shooting.

Doc. # 125 at 3-4. This is even more relevant, defendant further contends, because the Government's lead investigator filed an affidavit stating that he believed both shootings were committed by the same person. *Id.* at

3

3. Hence, exculpating information on one shooting may cross-pollinate exculpating information on the other. *Id.* In opposition, the Government explains that Jones

> was named as a suspect in the downtown Savannah shooting of David Buskirk on [6/1/04]. Because Captain Scott Corwin was murdered in downtown Savannah on [5/29/04], within a few days and within one block of the shooting of Buskirk, and for no other reason, Detective Robert Von Loewenfeldt mentioned both shootings in his affidavit seeking [Jones's] telephone records, which is referenced in the Defendant's Motion. No evidence other than the two crimes' similar time and place has ever linked the Defendant to the Corwin shooting, so he is not considered a suspect in that shooting. The Government has never alleged that the Defendant was involved in the Corwin shooting and has no intention to do so at trial, since the Government is unaware at this point of any evidence connecting [Jones] to the Corwin shooting. The Corwin murder investigation is an open investigation with no suspects, according to police. The Government has not obtained a copy of the Corwin investigation file, as it deems it irrelevant to the instant proceedings at this time. In late 2007, the Defendant confessed to the Buskirk shooting.

Doc. # 132 at 1-2.

So, the Government wanted to show some sort of linkage, or commonality between the two shootings, for the purpose of obtaining Jones's telephone records. But now, when faced with Jones's request to see Government's investigative records evidencing such commonality, the Government super-illuminates the *lack* of that very commonality.

Law enforcement can be trying.

In any event, the Court agrees with the Government that "[s]ince none of the possibilities that [Jones] raises in his argument exist, his argument that a review of the Corwin file could somehow 'lead to evidence that [he] was also not involved in the Buskirk shooting' fails." *Id.* at 3. Evidence that Jones did not commit *other* crimes can, of course, be endless and thus probative of nothing other than the facially absurd proposition that one is not guilty of one offense merely because he has not committed an infinite number of others. The Court also accepts the Government's representation that "the ongoing police investigation into the murder of Scott Corwin could be compromised by the disclosure of details of the investigation to this Defendant." *Id.* at 4.

Jones's "*Brady*" motion (doc. # 125), then, is denied.

**D. Disclosure Motion**

Boiled down, Jones moves the Court to compel the Government to disclose "[a]ny evidence the Government intends to introduce against any party initially charged herein pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence." Doc. # 109 at 2 ¶ 4. The Government's opposition brief is bereft of opposition. Doc. # 121 at 2 (referring Jones to its "open file" discovery policy). This motion therefore is granted.

4

## III. CONCLUSION

Accordingly, defendant Deon Monroe Jones's motions ## 108 and 125 are ***DENIED***, but motion # 109 is ***GRANTED***.

This __23__ day of June, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA