UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA**

v.                    406CR038

**DEON MONROE JONES**

a/k/a: **JOHNNY LEE JONES**

## ORDER

### I. BACKGROUND

In this 18 U.S.C. § 922(g), gun/ammo possession prosecution, defendant Deon Monroe Jones moves, on the eve of trial, to dismiss part of this case on Speedy Trial Act (STA) grounds. Doc. # 153. In *U.S. v. Jones*, 2008 WL 2513708 (S.D.Ga. 6/23/08) (unpublished), this Court recapitulated Jones's prior STA motion, noting that recent precedent warranted no alteration of the Court's previous ruling. *Id.* at * 1-2. Over the Government's opposition, doc. # 154, Jones nevertheless renews part of his STA motion, contending that the STA's 70-day time limit was violated, so the original two counts against him[1] must be dismissed. Doc. # 153.

### II. ANALYSIS

As the Eleventh Circuit has explained:

> The Speedy Trial Act requires that criminal defendants be tried within seventy days of the later of indictment or arraignment. 18 U.S.C. § 3161(c)(1). Certain periods of time are excluded from the calculation, however, such as any period of delay "resulting from other proceedings concerning the defendant," *id.* § 3161(h)(1), or resulting from a continuance granted by the judge to serve the "ends of justice," *id.* § 3161(h)(8)(A). The consequences for failure to try a defendant within seventy non-excludable days are severe, and include dismissal with prejudice of the charges against the defendant. *Id.* § 3162(a)(2).

*U.S v. Young*, ___ F.3d ___, 2008 WL 2168957 at * 1 (11th Cir. 5/27/08); *Roux v. U.S.*, 2008 WL 2445794 at * 4 (M.D.Fla. 6/16/08) (unpublished); 3B WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 833 (*The Speedy Trial Act*) (2008).

Jones argues that the STA's 70-day time limit was violated because:

- the Court received the appellate mandate upon Jones's appellate reversal of his 2006 conviction on 11/21/07;

- the 70-day clock began to tick from the date this Court received the mandate, *see Jones*, 2008 WL 2513708 at * 1;

- the STA (specifically, 18 U.S.C. § 3162)[2] requires dismissal if the court fails

---

[1] In 2006, Jones was indicted for "Possession [on 6/18/04] of Ammunition by Convicted Felon" (Count One) and "Possession [also on 6/18/04] of Ammunition by Controlled Substance User or Addict" (Count Two). Doc. # 1 at 1. Following his jury trial conviction, he won a new trial on appeal. *U.S. v. Jones*, 504 F.3d 1218 (11th Cir. 2007). The Government thereafter obtained a superseding indictment, this time charging Jones with additional crimes based on new evidence sent to it just after this Court received the *Jones* mandate. Doc. # 113 at 2.

[2] 18 U.S.C. § 3162(a)(2) provides:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but

to try a defendant, excluding enumerated excused delays (*see* 18 U.S.C. § 3161(h)), within the 70 day time period;

● Jones filed his first motion on 12/21/07, thus stopping the STA clock, but by this point 30 STA days had expired;

● Jones filed an *in limine* motion on 1/9/08, and the Magistrate Judge (MJ), after holding a 3/19/08 hearing[3] on it, deferred it on 3/28/08 to (this) district judge, who did not rule on it until 6/23/08 (the *Jones* decision);

● also, Jones filed his *Brady* motion on 3/28/08 and the Government responded on 4/9/08, so the Court should have ruled on it by 5/9/08 but did not until 6/23/08; the Court then did not schedule trial until 7/9/08, so this 61-day lapse must be added to the previous 30 day lapse for a 91-day total period, thus violating the STA's 70-day requirement;

● accordingly, the Court should "dismiss the original two charges and proceed solely with the added charges from the superseding [12/21/07] indictment...."

Doc. # 153 at 4-6. The Court will address the Government's response *infra*.

### A. STA Standards -- Pending Motions

Courts have fleshed out the STA's "pending motions" exclusion:

> First, the time it takes the trial court to decide a pretrial motion does not count toward the seventy-day limit. *Id.* § 3161(h)(1)(F) (excluding "delay resulting from *any* pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The amount of time properly excluded due to a pretrial motion depends in part on whether the court holds a hearing on the motion. If the court holds a hearing, the Act excludes the period of time between the filing of the motion and the conclusion of the hearing, whether or not consideration of the motion caused actual delay of the trial, and whether or not the amount of delay that occurred was reasonable.... Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the *hearing* on that motion, whether or not a delay in holding that hearing is reasonably necessary. If, after the *hearing*, the court takes the motion "under advisement," up to thirty days more may be excluded for delay

---

> the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(2).

[3] Jones mistakenly misstates the hearing date as 3/19/08, but it was actually held on 3/26/08 (it had been rescheduled from the 3/19/08 hearing date, *see* docket entries following doc. # 122; *see also* doc. # 124). However, this is an immaterial discrepancy.

occasioned by the court's consideration of the matter. 18 U.S.C. § 3161(h)(1)(J).

*U.S. v. Van Smith*, ___ F.3d ___, 2008 WL 2583026 at * 1-2 (D.C.Cir. 7/1/08) (quotes and cites omitted; emphases added); *see also id.* at * 3 (Government's filing of a "Notice" to introduce some sort of evidence does not toll the STA); *Henderson v. U.S.*, 476 U.S. 321, 330-31 (1986) (STA's exclusion from the 70-day period for delay resulting from any pretrial motion excludes time after hearing that has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion).

As the Government points out, doc. # 154 at 2-3, the Eleventh Circuit has

> held that motions which are deferred to the district court by a magistrate judge remain pretrial motions. *United States v. Garcia*, 778 F.2d 1558, 1562 (11th Cir.), *cert. denied*, 477 U.S. 906, 106 S.Ct. 3279, 91 L.Ed.2d 568 (1986). Thus, "the entire time from the filing of the [ James] motion to the conclusion of the hearing is excludable, even [though] the hearing [was] deferred until trial." *United States v. Phillips*, 936 F.2d 1252, 1254 (11th Cir.1991); *see also United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1476 (11th Cir.), *cert. denied*, 506 U.S. 964, 113 S.Ct. 436, 121 L.Ed.2d 356 (1992).

*U.S. v. Beard*, 41 F.3d 1486, 1488 (11th Cir. 1995) (brackets original); *accord U.S. v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (STA clock did not run during entire pendency of defendant's motion in limine to exclude prior bad acts evidence, even though hearing on motion was deferred until trial).

In this case Jones filed a battery of motions on 12/21/07, doc. ## 102-105, as well as on 1/9/08. Doc. ## 108-111. By that date only 30 STA clock days ticked off (the mandate was received 11/21/07). The undersigned reached motions ## 102 and 103, doc. # 115, but the rest -- two of which required a hearing, *see* doc. # 124 -- remained pending before the MJ until 3/28/08, when the MJ decided to defer motions ## 108 and 109 to the undersigned. Doc. # 126. Since defense motions remained pending until 3/28/08, only 30 STA days had expired. But also on 3/28/08, Jones himself moved for a new hearing on his disclosure motion. Doc. # 125. Under the *Beard* and *Jernigan* reasoning, that motion (doc. # 125) prevented the STA clock from running again until at least 30 days after the Court conducted a hearing.

On 6/23/08, the Court denied both the *in limine* and disclosure motions, as well as Jones's motion for hearing. Doc. # 139. Between that date and 7/9/08 (the trial date), 16 more days have elapsed, and the Court thus agrees with the Government's computation of 46 (30 + 16) days, total[4] -- well within the STA's limit.

Jones now seeks to exploit the fact that the Court denied his then-pending motions without the hearing that he requested. Doc. # 153 at 2-3. It is true that here the Court never did conduct a hearing, whereas doing so, even to the point of delaying it until the actual trial, would have otherwise kept the STA clock stopped. But that should not inure to Jones's benefit here. Consider the result in an easily foreseeable hypothetical situation were this Court to hold otherwise: (1) a district judge would accept an MJ's deferral based on the MJ's otherwise valid belief that a district court

---

[4] That's not even counting the handful of days consumed by Jones's 6/19/08, 6/25/08, and 7/2/08 subpoena motions. Doc. ## 135, 141, 148.

3

hearing is warranted; (2) while reviewing the motion in anticipation of such a hearing, the district judge then determines that in fact no such hearing is warranted; (3) but now that same judge would be placed in the bizarre position of either: (a) ruling on the motion and, per Jones's theory here, risk having to grant the defendant STA relief (here, under Jones's reasoning, the STA clock would start running from 5/9/08, 30 days after the date the Government filed its response brief, doc. # 132); or (b) deliberately hold off ruling on it until trial, lest the defendant then be unfairly entitled to an STA dismissal -- unfairly in the sense that no one has been lax or dilatory in the manner that the STA was designed to deter.

That surely cannot be what Congress intended. Thus, Jones's motion is denied on these grounds.

### B. Sixth Amendment

The Court incorporates the Sixth Amendment analysis set forth in its Order at doc. # 115 to deny Jones relief on these grounds, too.

### III. CONCLUSION

Defendant Deon Monroe Jones's renewed STA motion (doc. # 153) therefore is *DENIED*.

This 9 day of July, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA